AMIN WASSERMAN GURNANI, LLP
William P. Cole, Bar No. 186772
Matthew R. Orr, Bar No. 211097
515 South Flower St., 18th Floor
Los Angeles, CA 90071
Tel: (213) 933-2330
Fax: (312) 884-7352
wcole@awglaw.com
morr@awglaw.com

Attorney for Defendant Luminary Natural Brands, LLC
(erroneously named as Luminary Brands, LLC)

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMAANI SANWARI, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUMINARY BRANDS, LLC,<br><br>Defendant. | Case No.:<br>State Case No. 25CV04862<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332(d)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Luminary Natural Brands, LLC (erroneously sued by the name Luminary Brands, LLC) ("Defendant"), hereby removes this action from the Superior Court for the State of California for the County of Sonoma to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1332(d), § 1453, § 1441, and § 1446. Defendant hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

**STATEMENT OF THE CASE AND TIMELINESS OF REMOVAL**

1. On July 10, 2025, Plaintiff Amaani Sanwari ("Plaintiff") commenced an action against Defendant in the Superior Court of the State of California for the County of Sonoma, Case Number 25CV04862, by filing a Complaint entitled "*Amaani Sanwari, individually, and on behalf of all others similarly situated v. Luminary Brands, LLC.*" True and correct copies of the Complaint, Summons, and Civil Case Cover Sheet are attached respectively hereto as Exhibits 1-3.

2. In his Complaint, Plaintiff alleged that Defendant manufactures and sells a line of shampoo products under the Andalou Naturals brand that purport to contain plaint stem cells, such as "Argan Stem Cells" (the "Products"), and that Defendant makes false and misleading efficacy claims to market and advertise the Products. (*See* Complaint ("Compl."), ¶¶ 1-3.) The Complaint asserted causes of action against Defendant for supposed violations of California Business and Professions Code §§ 17200, et seq. (the Unfair Competition Law ("UCL")) and the Consumers Legal Remedies Act, Cal Civ. Code § 1750, et seq. ("CLRA"). Plaintiff sought, among other things, to certify a putative class that purported to include all persons who purchased the Products for personal use in California within the applicable statute of limitations until the date class notice is disseminated. On the face of the Complaint, it was not removable as to amount in controversy or minimal diversity.

3. On September 9, 2025, Plaintiff filed a First Amended Complaint ("FAC") asserting the same claims on behalf of a putative nationwide class of all persons who purchased the Products for personal use in the United States within the applicable statute of limitations and until the date class notice is disseminated (as well as on behalf of a putative California subclass). A copy of the FAC is

attached as Exhibit 4.

4. This removal is timely as required by 28 U.S.C. § 1446(b), as it is brought within thirty (30) days of the filing of the FAC (September 9, 2025)—i.e, the date of Defendant's receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

**SUBJECT MATTER JURISDICTION**

5. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1441, and 1453. This Court specifically has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), because it is a civil action styled as a class action in which: (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) any member of the class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B) and (d)(6).

**PLAINTIFF'S CLASS IS STYLED AS A PUTATIVE CLASS ACTION WITH A PROPOSED CLASS OF NOT LESS THAN 100 MEMBERS**

6. The Court has CAFA jurisdiction because this lawsuit is a putative class action, and the proposed class comprises more than 100 individuals. (FAC., ¶ 30.)

7. CAFA jurisdiction exists over any "class action" brought under any "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]" 28 U.S.C. § 1332(d)(1)(B). This case constitutes a "class action" for purposes of removal because Plaintiff styles her complaint as a "Class Action." (Compl. caption.) Plaintiff alleges that "a class action is superior to traditional litigation of this controversy" because, among other things, "joinder of hundreds of individual Class Members is impracticable[.]" (FAC, ¶ 34.) Thus, this action qualifies as a class action under CAFA.

8. CAFA jurisdiction exists unless "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). CAFA defines class members as the persons, named or unnamed, who fall within the definition of the proposed or certified class in a class

action. 28 U.S.C. § 1332(d)(1)(D). This requirement is met here because Plaintiff alleges that the purported class members number in the thousands. (FAC, ¶ 30.) Thus, on the face of the pleadings there are more than 100 members in Plaintiff's proposed class.

**<u>THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION</u>**

9. "To meet CAFA's amount- in-controversy requirement," a defendant need only "plausibly show that it is reasonably possible that the potential liability exceeds $5 million." *Greene v. Harley Davidson*, 965 F.3d 767, 772 (9th Cir. 2020). "[T]he amount in controversy is the 'amount at stake in the underlying litigation.'" *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)). "'Amount at stake' does not mean likely or probable liability; rather it refers to possible liability." *Id.* Among other items, " the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

10. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). Defenses that a defendant may assert are not considered in assessing the amount placed in controversy. *See Riggins v. Riggins*, 415 F.2d 1259, 1262 (9th Cir. 1969); *Lara v. Trimac Transp. Svcs. (W.) Inc.*, No. CV 10-4280-GHK (JCx), 2010 WL 3119366, *3 (C.D. Cal. Aug. 6, 2010).

11. Defendant may assume a recovery rate of 100% in calculating the amount in controversy. *See, e.g.*, *Ritenour v. Carrington Mortgage Servs. LLC*, 228 F. Supp. 3d 1025, 1030 (C.D. Cal. 2017).

12. Where the Complaint does not state the amount in controversy, the defendant's notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Greene*, 965 F.3d at 772. No antiremoval presumption attends cases invoking CAFA. *Greene*, 965 F.3d at 772.

13. While Defendant contests any liability on Plaintiff's claims, Plaintiff's class claims place in controversy an amount more than $5,000,000. Plaintiff alleges that she and the putative class members (in a putative nationwide class), among other things, are entitled to recover "all money obtained from Plaintiff and other Class members as a result of unfair competition" and damages, and alleges that neither she nor the putative class members would have purchased the Products had they known of the allegedly false advertising. (FAC, ¶¶ 9, 23, 59.) The applicable statute of limitations for a UCL claim is four years. Cal. Bus. & Prof. Code § 17208 (UCL). Defendant is informed and believes, and thereon alleges, that for the four-year period preceding the filing of the Complaint, the total nationwide retail sales for the Products exceeded $2,400,000. Furthermore, the FAC alleges a class period running through the date class notice is disseminated and alleges that Defendant's allegedly wrongful practices are ongoing. (FAC, ¶¶ 25, 37.) Plaintiff also seeks punitive damages on behalf of the putative class. (*Id.* ¶ 47.) In a case involving a claim for punitive damages under the CLRA, such as this case, it is reasonable to assume that a punitive damages-to-compensatory damages ration of 1:1 or higher is at stake. *Greene*, 965 F.3d at 772.

14. Plaintiff and her putative class also seek to recover attorneys' fees, which are available by statute under the CLRA. "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794. "[T]he Ninth Circuit has established 25% as a benchmark award for attorneys' fees" in class actions. *Lopez v. First Student, Inc.*, 427 F. Supp. 3d 1230, 1238 (C.D. Cal. 2019); *accord Austin v. Foodliner, Inc.*, No. 16-CV- 07185-HSG, 2019 WL 2077851, at *6 (N.D. Cal. May 10, 2019). The attorneys' fees placed in controversy exceed $1,200,000.

15. In addition, Plaintiff and her putative class seek injunctive relief, including but not limited to compelling Defendant to stop selling the Products as advertised and labeled and ordering Defendant to engage in a corrective advertising campaign. (FAC, ¶ 59 & prayer for relief). The amount in controversy includes "the costs of complying with an injunction." *Fritsch*, 899 F.3d at 793; *accord Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016) (district court did not err in finding amount in controversy satisfied where potential cost of complying with injunctive relief considered).

The sweeping injunctive relief sought by Plaintiff would require substantial, costly efforts by Defendant. For example, Defendant would have to remove the product from shelves, warehouses and distribution centers. At a minimum, all inventory would have to be replenished in new packaging (including the costs of designing, preparing and producing new packaging), and additional costs would be incurred for a "corrective" advertising campaign if Plaintiff were to prevail on his claim for injunctive relief as pled. Considering the expense of complying with the requested injunctive relief, and coupling those expenses with compensatory damages/restitution, punitive damages, and attorneys' fees, Defendant alleges that the amount in controversy substantially exceeds $5 million.

16. While Defendant denies it has any liability to Plaintiff or to the putative class, and denies that action will satisfy the requirements for class certification under Fed. R. Civ. P. 23, the amount in controversy is not a merits issue. In light of the damages, restitution, punitive damages, attorneys' fees and costs of complying with injunctive relief, the Complaint puts an amount in controversy in excess of $5,000,000.

17. Accordingly, this Court has original subject matter jurisdiction pursuant to CAFA.

**CLASS MEMBERS ARE CITIZENS DIFFERENT STATES**

18. CAFA jurisdiction is met where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). That requirement is met here. Defendant is a limited liability company organized under the laws of California with its principal place of business in California. An LLC's citizenship in a CAFA action is determined by its state of organization and principal place of business. *Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 702-04 (4th Cir. 2010). Within the proposed class period, the Products have been sold to consumers nationwide, in far more states than California, and Plaintiff brings the claims on behalf of all persons who purchased the Products for personal use in the United States. Thus, there is minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

**EXCEPTIONS TO REMOVAL DO NOT APPLY**

19. This action does not fall within any exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d)(3), (4), (9) or 28 U.S.C. § 1453(d). 28 U.S.C. § 1332(d)(4)(A) requires a district court to decline jurisdiction over a class action in which, among other things, "greater than two-thirds

of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed…[and] at least 1 defendant is a defendant…who is a citizen of the State in which the action was originally filed…" Similarly, § 1332(d)(4)(B) requires a district court to decline jurisdiction where "two-thirds or more of the members of all proposed classes in the aggregate, and the primary defendants, are citizens of the state in which the action was originally filed." Because Plaintiff alleges a putative nationwide class, neither of these exceptions apply.

20. In addition, this action does not fall within any of the other categorical exceptions under CAFA. *See* 28 U.S.C. § 1332(d)(9)(A), (B), and (C) (making exceptions for an action (1) "concerning a covered security"; (2) that relates to the internal affairs or governance of a corporation or other form of business enterprise"; (3) "that relates to the rights, duties (including fiduciary duties), and obligations related to or created by or pursuant to any security…"); *see also* 28 U.S.C. § 1453(d) (same exceptions).

**ALL PROCEDURAL REQUISITES ARE SATISFIED**

21. 28 U.S.C. § 1441(a) allows civil actions brought in state court to be removed the district court "embracing the place where such action is pending." The Complaint was filed and the case currently is pending in the Superior Court of the State of California for the County of Sonoma. This District is the proper venue for this action upon removal because it is the District that embraces the county where the state court action was pending.

22. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant are attached hereto as Exhibits 1 - 6.

23. Defendant will promptly serve a notice of filing of removal, with a copy of the Notice of Removal annexed thereto, on Plaintiff's attorney and will file such notice with the Clerk of the Superior Court of the State of California for the County of Sonoma.

/ / /

/ / /

/ / /

**CONCLUSION AND DEMAND FOR JURY TRIAL**

24. For the foregoing reasons, Defendant hereby removes this case from the Superior Court of the State of California for the County of Sonoma to this United States District Court.

25. Defendant hereby demands a jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues subject to a jury trial in the operative complaint.

Dated: September 26, 2025

**AMIN WASSERMAN GURNANI, LLP**

**/s/ *William P. Cole***
William P. Cole

*Attorney for Defendant*